•Chief Justice Robertson,
delivered the opinion of the court.
Ly 1818, Jesse Harrison sold to Robert Dudley, at the price of twenty dollars an acre, a tract of land in Christian county, supposed to contain six hundred acres, and consisting of several smaller tracts, separately surveyed. Afterwards, Harrison having represented to Dudley, that he had ascertained, by actual survey, that the tract contained about eight dred and seven acres, made to him a deed, purporting to convey seven hundred and sixty seven acres, supposed to be contained in the original boundary, after deducting about forty acres, which Dudley refused to take, as there was an adverse conflicting claim to that *232 much, and, which was, therefore, excepted from the conveyance, and Findley paid a part of the consideration, and executed his promisory notes for the residue, at the rate of twenty dollars an acre, for seven"hundred and sixty seven acres.
The deed t ms made, did not include all the land which Harrison had sold to Dudley; and not long after its. deliver}, Dudley had cause to apprehend, ’that there was a deficit in the quantity, and a defect'in the title. And, therefore, to indemnify him, and to obtain the amount of a. judgment, which had been rendered against him, for a portion of the consideration, and which he was about to injoin, Harrison covenanted fo make a sufficient deed, for the full quantity, and to quiet all conflicting claims, and to forbear the collection of the amount of a note, for the last installment, until such a title should be thus secured, and, also covenanted to allow a credit on that note, for as much as the tract might be impaired in value, in consequence of any deficit in quantity. Afterwards,, Dudley having paid the whole of the consideration, excepting the amount of the last note, Bryan and Sharp, as assignees, obtained a judgment against him, on that note; to injoin winch judgment, this suit in chancery, was instituted, by Dudley. Afier alleging the foregoing, and other facts, the bill alleged, that Harrison was insolvent; (hat there were several adverse claims to the land, none of which had been extinguished, and that there was a large deficitin the stipulated quantity; and therefore, prayed for an adjustment of (he conflicting claims, and for a perpetual injunction, for as much as Dudley should be entitled to, for the actual insufficiency of the title, and deficiency in the quantity. After sundry answers, and various other proceedings, none of which, will be particularly noticed, the circuit court dissolved the injunction, and dismissed the bill.
Harrison’s insolvency is clearly established.
It seems, that, excluding about forty acres, which were excepted in tne deed, the exterior boundaries of the connected survey, as established, include only seven hundred and seventeen .acres. Dudley is not bound to pay for the forty acres, excepted in his deed, *233 «or is he under any obligation to accept a deed for that parcel, even if Harrison had shewn that he could make an indisputable title to it.
.Hoggin, for plaintiff; Monroe, for defendants.
We are satisfied, that the lines 1, 5. 6, 7, on the connected plat, designate the true boundary of John Caruthers survey; and that, consequently, Dudley was mistaken in supposing, as he seems to have done, that 1, 2, 3, 4, described the true boundary of that survey, and that a part of the land sold to him, and including the Cave Spring, was not included in the survey,
But, although the exterior boundary of the connected plat, contains seven hundred and seventeen acres, after excluding the forty acres excepted by the deed, by establishing 1, 5, 6, 7, as the true boundary of the survey in the name of John Caruthers, and then, by including the Cave Spring, a chasm in the title, seems to be left between that survey, and the other survey in the name of James Caruthers. The triangle, l, 19, 0, (which last letter is made by the. court) does .pot appear to be included in either of the surveys. Consequently. Harrison lias failed to shew tide to the land included in that triangle. It would seem, therefore, (as the record now' stands.) that Dudley is entitled to relief, to the extent of the deficit, resulting from the triangular chasm between the two surveys, as well as for the difference first mentioned between seven hundred and sixty seven and seven hundred and seventeen acres. No other deficiency, in title or quality, has yet been shewn to exist.
Weareof opinion, also, that the circuit court erred in refusing to permit Dudley to filé his amended bill, and in overruling his motion for a continuance.
The decteo must, for the foregoing n asons, be reversed, and the cause remanded for further proceedings, and for such a decree as shall be proper, consistently' with this opinion, perpetuating the injunction for the original value of the ascertained deficit in the quantity', for which a good title can be made, and securing to Dudley, by a proper conveyance, the remainder of the land which he purchased.